IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PABLO IGNACIO ORTIZ-SORROZA,

    Petitioner,

v.                                                            No. 23-cv-149-MIS-GJF
                                                                 No. 22-cr-1553-MIS-GJF-1

UNITED STATES OF AMERICA,

    Respondent.

### MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

THIS MATTER is before the Court on Petitioner Pablo Ignacio Ortiz-Sorroza's Motion to Vacate under 28 U.S.C. § 2255. (Doc. 1)[1] (the "Petition"). Petitioner is incarcerated and proceeding pro se. Before he filed the Petition, Petitioner initiated a direct appeal from the judgment in the related criminal case. Although the pendency of that appeal does not affect this Court's jurisdiction, generally a pending appeal renders a habeas petition premature. Having reviewed the Petition pursuant to Rule 4 of the Rules Governing § 2255 Proceedings for the United States District Courts (the "Section 2255 Rules"), the Court will require Petitioner to show cause why the Petition should not be dismissed as premature.

    I.      Background.

Petitioner pled guilty to one count of Reentry of a Removed Alien, contrary to 8 U.S.C. § 1326(a) and (b). (Cr. Doc. 24). The Court (Honorable Margaret Strickland) sentenced him to 18 months imprisonment, to be followed by removal by Immigration and Customs Enforcement. (Cr. Doc. 24). The Court entered the criminal judgment on January 5, 2023. (Cr. Doc. 24). Petitioner filed a notice of appeal five days later, on January 10, 2023. (Cr. Doc. 25). The Tenth Circuit Court

---

[1] Unless otherwise specified, docket citations refer to the civil case.

of Appeals docketed *United States v. Ortiz Sorroza*, Court of Appeals Docket #: 23-2002, on January 11, 2023. Petitioner's opening brief was accepted by the Tenth Circuit Court of Appeals on March 20, 2023. *See* Court of Appeals Docket #: 23-2002 (3/20/2023). The appeal is now pending. It appears that the crux of the appeal is a challenge to the length of the sentence. *See* Court of Appeals Docket #: 23-2002 (4/25/2023).

Petitioner commenced this habeas case on February 10, 2023. (Doc. 1). The Court discerns that Petitioner seeks to challenge the constitutionality of his sentence on the ground that he did not have the opportunity to provide mitigating information in support of a reduced sentence. (Doc. 1 at 4). In this regard, the habeas petition and the appeal seem to seek the same relief—i.e., a shorter sentence. It appears from petitioner's assertion that neither his "attorney nor [he] were prepared to contest the information . . . the judge used against [him] for sentencing" that he may also seek to raise an ineffective assistance of counsel claim, though this is not entirely clear. (Doc. 1 at 4). The Petition is subject to initial review pursuant to Section 2255 Rule 4.

II.     Discussion.

"There is no requirement that the movant exhaust his remedies prior to seeking relief under § 2255. However, . . . such a motion is inappropriate if the movant is simultaneously appealing the decision." Section 2255 Rules, rule 5 advisory committee's note; *U.S. v. Cook*, 997 F.2d 1312, 1319 (10th Cir. 1993) (citing the advisory committee note and collecting cases). This principle serves the interest of judicial economy only; it is not jurisdictional. *United States v. Prows*, 448 F.3d 1223, 1228 (10th Cir. 2006). Therefore, if extraordinary circumstances exist, a district court may entertain a § 2255 petition while an appeal is pending. *Cook*, 997 F.2d at 1319; *Prows*, 448 F.3d at 1228; *United States v. Rangel*, 519 F.3d 1258, 1265 (10th Cir. 2008). Unless a petitioner shows that extraordinary circumstances warrant consideration of a habeas petition during the

pendency of an appeal, however, the habeas petition is considered premature and should be dismissed without prejudice. *United States v. Hunter*, 458 F. App'x 732, 733–34 (10th Cir. 2012).

Because of the pending appeal, the Court will require Petitioner to show cause in writing within thirty days why the Petition should not be dismissed as premature. If Petitioner does not file a timely response, the Court will presume that extraordinary circumstances do not exist and dismiss the Petition without prejudice. Such dismissal will not affect the status of a later-filed habeas petition as a "first" (as distinct from a "second" or "successive") petition.

**IT IS THEREFORE ORDERED** that within thirty (30) days of entry of this Order, Petitioner shall show cause in writing why the Petition (Doc. 1) should not be dismissed as premature. In the absence of a timely response, this case will be dismissed without prejudice.

_____
HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

3